UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEOFFREY GROVE,<br>Petitioner,<br>v.<br>NATHANJAH BREITENBACH,<br>Respondent. | Case No. 3:26-cv-00450-ART-CLB<br>DISMISSAL ORDER |

*Pro se* Petitioner Geoffrey Grove filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) The Court screened the Petition and issued an Order to Show Cause. (ECF No. 5.) Grove responded. (ECF No. 6.) As is discussed below, the Court finds that Grove's claims are not cognizable in this federal habeas action, so the Court dismisses the Petition.

## I. BACKGROUND INFORMATION

On May 10, 2010, the state court entered Grove's Judgment of Conviction. (ECF No. 1-1 at 1–2.) Grove appealed, and the Nevada Supreme Court affirmed on February 9, 2011. Grove filed a motion to correct an illegal sentence on November 5, 2024. The state court denied the motion, Grove appealed, and the Nevada Court of Appeals affirmed on August 28, 2025.

In his Petition, Grove alleges: (1) the Nevada Supreme Court has effectively struck down the entire Nevada Revised Statute (NRS) scheme rendering it invalid by stating that the NRS scheme is prima facia evidence of Nevada law and not the actual laws, thereby rendering Grove's violations of the NRS invalid, void, and unconstitutional for sentencing and imposing punishment; (2) the trial court lacked jurisdiction to prosecute state crimes within Nevada's borders due to a fatally defective NRS 171.010 and therefore lacked jurisdiction to impose Grove's sentences; and (3) all of Grove's sentencing NRS violations are invalid, void, and unconstitutional. (ECF No. 1-1 at 4–18.) In sum, Grove argues that "[a]ll crimes

prosecuted by the trial courts [of Nevada] since January 21, 1957[,]" including his case, are void. (*Id.* at 14.)

**II. DISCUSSION**

Grove's challenges to his convictions, which are based on the allegation that the Nevada state courts lack jurisdiction due to Nevada's invalid statutory scheme, are issues of state law. It is not the province of a federal habeas court to examine issues of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Rather, federal habeas corpus relief may be granted "only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although Grove mentions due process in his Petition, his claims present no federal question because they plainly involve the application or interpretation of state law regarding jurisdiction. *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) ("[W]e have long recognized that a mere error of state law is not a denial of due process." (Internal quotation marks omitted.)); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (explaining that a petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process."). The fact that Grove's challenges go to the state court's jurisdiction does not alter this principle. *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991) (noting that it was "not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of state law"). Accordingly, Grove's claims are not cognizable in this federal habeas corpus proceeding.

**III. CONCLUSION**

It is therefore ordered that the Petition [ECF No. 1-1] is dismissed. A Certificate of Appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for

Respondents,[1] (3) informally serve the Nevada Attorney General with this Order and all other filings in this matter by sending notices of electronic filing, (4) enter judgment, and (5) close this case.

DATED THIS 19th day of August 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

[1]No response is required from Respondents other than to respond to any orders of a reviewing court.